RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
6 24 15
yr

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| **MARK MCNEAL (#203324)** | DOCKET NO. 15-cv-1501; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **WARDEN** | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Mark McNeal, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 1, 2015. [Doc. #1] Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center. He challenges the finding of the state district court that he was a fourth felony habitual offender.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner states that he was convicted by a jury on June 8, 2010, of Possession with Intent to Distribute Cocaine. He was sentenced to a term of sixteen years of imprisonment on that same date, following his adjudication as a fourth felony habitual offender. However, according to the minutes presented by Petitioner, the multiple offender bill hearing actually took place on October 13, 2008. [Doc. #1, p.19-20] Thus, it appears his conviction was obtained much earlier than 2010. Regardless, Petitioner did not appeal his conviction or sentence. [Doc. #1,

p.2]

Petitioner subsequently filed a Motion to Correct Illegal Sentence on July 18, 2013 in the trial court. On August 7, 2013, the court denied the motion, stating that, "If a filing does not point to a claimed illegal term in the sentence, the claim is not cognizable in a motion to correct sentence and may be raised through application of post-conviction relief. *State v. Parker*, 98-256 (La. 5/8/98), 711 So.2d 694." [Doc. #1, p.23] Petitioner filed an application for Writ of Review on September 12, 2013, in the Louisiana Third Circuit Court of Appeal. Relief was denied on January 23, 2014, finding that there was no error in the trial court's ruling. [Doc. #1, p.22] The Louisiana Supreme Court denied writs on March 6, 2015. [Doc. #1, p.21] <u>State ex rel. McNeal v. State</u>, 2014-0915 (La. 3/6/15), 161 So.3d 6.

*Law and Analysis*

**1. Limitations – 28 U.S.C. §2244(d)(1)(A)**

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for habeas corpus by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C.

2

§2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999), citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998). Of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. Johnson v. Quarterman, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation sua sponte. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. Therefore, if the sentence was imposed on June 8, 2010, his conviction and sentence became final thirty days later, on July 8, 2010. If the sentence was imposed on October 13, 2008, as reflected in the minutes submitted by Petitioner, then the conviction and sentence became final thirty days later, on November 12, 2008. See 28 U.S.C. §2244(d)(1)(A). Thereafter, petitioner had 1-year, or until either July 8, 2011 (using the sentencing date

provided by Petitioner), or November 12, 2009 (using the date provided in the minutes submitted with his petition), within which to file his federal habeas corpus petition. Petitioner's federal habeas corpus petition, filed in May 2015 is clearly time-barred unless he can establish that he is entitled to either statutory tolling pursuant to Section 2244(d)(2) or equitable tolling.

## 2. Statutory Tolling

Petitioner cannot rely on the tolling provision of §2244(d)(2). As noted above, he did not file an application for post-conviction relief in the state courts. Even if his motion to correct illegal sentence were considered a collateral attack on his sentence, it was not filed until July 18, 2013, and by that time the AEDPA's limitations period had already expired (regardless of whether the sentence was imposed in 2008 or 2010). As previously noted, any lapse of time before the proper filing of an application for post-conviction relief or other collateral attack in state court is counted against the one-year limitation period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999), citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998).

## 3. Equitable Tolling

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled

by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir.2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Petitioner offered no evidence or argument to establish his entitlement to equitable tolling.

*Conclusion*

**For the forgoing reasons, IT IS RECOMMENDED** that the petition for *writ of habeas corpus* filed pursuant to §2254 be **DENIED AND DISMISSED WITH PREJUDICE** as barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to**

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 24th day of June, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7